UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ferris Geiger Singley, | ) |
| | ) |
| Petitioner, | ) C/A No. 4:17-1403-TMC-TER |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| Warden Dennis Bush, | ) |
| | ) |
| Respondent. | ) |

# I.

# INTRODUCTION

Petitioner Ferris Geiger Singley (Petitioner), a state prisoner incarcerated at Broad River Correctional Institution (BRCI) and proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 26, 2017. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., all pretrial proceedings were referred to a magistrate judge. On June 27, 2017, the United States Magistrate Judge filed a Report and Recommendation (Report) recommending that this court summarily dismiss the § 2254 petition with prejudice and without requiring the respondent to file a return because the petition was untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996. (ECF No. 12). Petitioner was given notice of his right to file objections to the Report. (ECF No. 12 at 7). Petitioner filed objections. (ECF No. 24).

# II.

# FACTS AND PROCEDURAL HISTORY

Petitioner is currently incarcerated at BRCI. His incarceration stems from his May 2006 conviction for first-degree burglary and armed robbery. (ECF No. 1 at 1). The South Carolina

1

Court of Appeals affirmed this conviction on May 6, 2009. *Id.* at 2. The South Carolina Supreme Court granted certiorari, and it affirmed the conviction on April 4, 2011. *Id.* The Remittitur was issued on April 20, 2011, and received on April 21, 2011. (ECF No. 1-2 at 2). Petitioner then filed his first Post-Conviction Relief (PCR) application on June 10, 2011. *Id.* In this application, Petitioner alleged the following grounds for relief: (1) ineffective assistance of counsel; (2) ineffective assistance of appellate counsel because due date of petition for rehearing was not calendared and the deadline passed; and (3) due process violations and conflicts of interest due to Judge McMahon's daughter working for the solicitor's office and because Petitioner's public defender was previously an advocate for female victims. *Id.* The Honorable Deadra L. Jefferson denied and dismissed Petitioner's PCR application on October 14, 2014, and the South Carolina Supreme Court denied certiorari on April 15, 2014. *Id.* Remittitur was issued on May 3, 2016, and was received on May 5, 2016. *Id.* On July 15, 2016, Petitioner filed a second application for PCR alleging essentially the same grounds raised in this petition, namely ineffective assistance of trial counsel and ineffective assistance of PCR counsel. (ECF No. 1-2). His second PCR application was dismissed on November 15, 2016, for failure to file within the time mandated by statute and for being successive. *Id.*

Petitioner then filed this petition for a writ of habeas corpus on May 26, 2017. (ECF No. 1). He alleges fourteen grounds in his petition, all essentially alleging ineffective assistance of trial, appellate, or PCR counsel: (1) that his PCR and appellant counsel were ineffective; (2) that Judge Jefferson was "unprofessional and ruled with her personal feelings" at Petitioner's PCR hearing; (3) that his trial counsel was ineffective; (4) that the mention of Petitioner's prior criminal record at trial was inappropriate; (5) that his trial counsel gave ineffective advice; (6) that the determination of the Court of Appeals and Supreme Court was wrong because Petitioner

had ownership in the home he was convicted of burglarizing; (7) that trial counsel's use of objections regarding handwritten note was ineffective; (8) that trial counsel was ineffective for not asking Judge McMahon to recuse himself from trial and that Judge McMahon was wrong to not recuse himself; (9) that counsel should have asked for victim's taxi records to impeach her at trial; (10) that his PCR counsel did not ask the court to sequester witnesses at his PCR hearing; (11) that trial witnesses were used ineffectively; (12) that appellate counsel was ineffective in missing the date to petition the Supreme Court for a rehearing and that PCR counsel was ineffective in refusing to argue this ground at PCR hearing; (13) that it was an ethical violation for the PCR judge to correct Assistant Attorney General's statement of "you should deny the application for PCR without prejudice" to say "with prejudice" instead; and (14) that it was improper for him to not be allowed to attend the hearing in January 2014 in which his appointed counsel was relieved due to concerns for her safety. (ECF No. 1-1).

After reviewing the record, the magistrate judge filed the Report recommending that the petition be dismissed because Petitioner failed to timely file the petition within the one-year statute of limitations as provided for by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). (ECF No. 12). Petitioner filed objections to the Report. (ECF No. 24).

### III.

### STANDARD OF REVIEW

The magistrate judge filed the Report in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of a magistrate judge's report to

which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## IV.

## LAW AND ANALYSIS

The Petitioner is a pro se litigant, and as such, his pleadings are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Petitioner filed this habeas petition after the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), and, therefore, review of his claims are governed by 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). A one-year statute of limitations governing § 2254 habeas petitions is provided for in 28 U.S.C. § 2244(d). This provision states in pertinent part that the one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2012). However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. at § 2244(d)(2) (emphasis added).

This statute of limitations is an affirmative defense that ordinarily the "state bears the burden of asserting." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). However, district courts have the power to raise this limitations defense *sua sponte*. *Id.* at 706. Still, when the petitioner is a pro se litigant, such as Petitioner here, the district court must give the petitioner notice and an opportunity to respond as to why the habeas petition is untimely. This notice was provided by the magistrate judge in the Proper Form Order (ECF No. 6) and in the Report (ECF No. 12). Petitioner asserted specific facts regarding his inability to file his petition on time in both his amendments to his petition (ECF No. 1-5) and in his Objections to the Report (ECF No. 24). These are discussed below.

### A. STATUTORY TOLLING UNDER AEDPA

On April 21, 2011, after the South Carolina Supreme Court affirmed Petitioner's conviction and sent remittitur to the lower court, the Petitioner's conviction became final. (ECF No. 12 at 4). Fifty days later, Petitioner filed his first PCR application properly on June 10, 2011. *Id.* From the filing of that PCR application to the remittitur being filed in the lower court following appeal of the denial of his application for PCR on May 6, 2016, the statute of limitations was tolled. *Id.* However, the statute of limitations began to run again following the remittitur being filed in the lower court on May 5, 2016. *Id.* Three hundred and eighty-three days later, Petitioner filed this petition for a writ of habeas corpus on May 23, 2017. *Id.*

Therefore, Petitioner has had at least 433 days of untolled time between the time that his conviction became final and the filing of this petition. While Petitioner filed a second PCR application in July of 2016, this did not toll the statute of limitations because it was not *properly filed.* The Supreme Court of the United States held that an untimely petition for state post-conviction relief is not properly filed within the meaning of 28 U.S.C. § 2244(d)(2). *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 419 (2005). Therefore, untimely applications for PCR do not trigger the statutory tolling provision. Thus, Petitioner's second untimely and successive PCR application did not toll the AEDPA statute of limitations, and absent equitable tolling, Petitioner's petition for a writ of habeas corpus is time barred.

### B. EQUITABLE TOLLING

However, the United States Supreme Court and the Fourth Circuit Court of Appeals has held that the AEDPA's statute of limitations is subject to equitable tolling when appropriate. *See e.g. Holland v. Florida*, 560 U.S. 631, 649 (2010); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has made it clear that "any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross negligence would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Furthermore, in 2010, the United States Supreme Court considered the issue and held that the statute would be equitably tolled *only* if the petitioner shows (1) that he has reasonably pursued his rights and (2) "that some extraordinary circumstance stood in his way" and prevented him from filing his petition on time. *Holland*, 560 U.S. at 649.

Petitioner states that he has "clearly extraordinary circumstances that prevented him from filing said habeas petition on time" that he contends justifies equitable tolling. (ECF No. 24 at 1). Petitioner alleges that due to feeling unsafe in the prison, he was forced to "put himself under the protection of the Folk Nation" (an alleged prison gang) in March of 2015 after being moved to the Monticello living unit. *Id.* at 5–6. According to Petitioner, in October of 2015, members of the Folk Nation forced Petitioner to participate in a cell phone scam under threat of harm, and because of this he allegedly did not have time to work on his own habeas petition. *Id.* at 7–11.

Petitioner states that "up to Oct[ober] 2015, the petitioner had time to do his legal work in between the tasks he was ordered to do for the Folk Nation." *Id.* at 6. Petitioner escaped from the Folk Nation by asking to be put in protective custody in June 2016. *Id.* at 12. According to Petitioner, he remained in BRCI's protective custody until December 2016 and was then placed in statewide protective custody at that time. *Id.* at 13. Plaintiff alleges that when he left his original cell in June 2016, the members of Folk Nation stole "roughly 65-70% of his paperwork pertaining to his current convictions," which affected his ability to file this petition. *Id.* at 14. Plaintiff contends that while in protective custody, he requested "assess to his duffle bag so he could get his legal work and continue his appeal" and that despite an officer promising to get the bag, it never happened. *Id.* at 13. Petitioner states he then wrote to the Charleston County Clerk of Court to "get back the lost paperwork pertaining to his current convictions." *Id.* at 14. Furthermore, Petitioner argues that he had "the most difficult time being able to access the law computer" while in protective custody and that he had no access to it at all from August 5 to August 12, 2017, due to the unit being on lockdown. *Id.* at 16.

This court finds that Petitioner's claims are not subject to equitable tolling. This court does not believe that Petitioner's circumstances have reached the threshold of being extraordinary circumstances to warrant equitable tolling. *See e.g. Jones v. South Carolina*, No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmate's advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness."); *Quezada v. Artuz*, No. 98-CV-2593(NG), 2001 WL 1262402 (E.D.N.Y. Oct. 17, 2001) (stating that petitioner's claim that legal papers were lost did not justify equitable tolling when

"petitioner [made] no claim that his papers were intentionally confiscated [by the jail workers], or that this occurred shortly before the end of the one year time period" of the statute of limitations and did not show how the papers were necessary to file his petition). *See cf. Valverde v. Stinton*, 224 F.3d 120 (2nd Cir. 2000) (stating that "intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer" near the deadline to file his petition was an extraordinary circumstance that potentially warranted equitable tolling). However, even if the Petitioner's circumstances were "extraordinary" within the meaning of the requisite standard, Petitioner did not act with reasonable diligence in asserting his rights, and, therefore causal connection between these acts and their resulting delay in Petitioner's ability to file his petition was severed before the statute of limitations ran. Therefore, even if having his legal materials stolen and his being unable to use the legal computer were "extraordinary circumstances" beyond Petitioner's control, these actions did not *prevent* him from filing on time.

Whether a petitioner's exigent extraordinary circumstances prevented his timely filing depends on if the petitioner can "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of the filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). The petitioner cannot do this if "acting with reasonable diligence, [he] could have filed on time notwithstanding the extraordinary circumstances." *Id.* (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In addressing this causal connection, courts are "less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). In determining whether or not a petitioner acted with reasonable or due diligence in asserting his rights, courts have looked at the time period between

when an "extraordinary circumstance" occurred and when the habeas petition was due to see if a timely filing was still feasible despite the circumstance. *See e.g. Valverde*, 224 F.3d at 134 (determining that even with due diligence, petitioner may not have been able to file in time when his papers were confiscated close to the deadline); *Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir. 1999) (holding that equitable tolling was not appropriate when petitioner still had over six months to complete his petition after he returned to his usual quarters from the psychiatric ward).

Here, Petitioner's materials were allegedly stolen by prisoners between June 23 and June 24 of 2016. (ECF No. 24 at 13–14). As of June 24, 2016, only 100 days of the statute of limitations had run.[1] Therefore, Petitioner had 265 days left within the statute of limitations period during which he could have timely filed this petition. During this time, Petitioner was able to file a complete, though untimely and successive, PCR application in state court on July 15, 2016, despite having lost sixty to seventy percent of his legal materials. (ECF No. 1-2). This PCR application included most, if not essentially all of the claims asserted in the habeas petition. (ECF No. 1-2 at 3). While Petitioner states that he could not file this habeas petition due to inability to access his legal records and the legal computer, the fact that he was able to draft the July 2016 PCR application, which asserts essentially the same claims, suggests that the absence of his legal records did not *prevent* him from filing this petition on time. In fact, in reviewing the record it seems that Petitioner had the information needed to file this petition at the very latest in July 2016 when he filed his second PCR application. Yet, Petitioner did not file this petition until May 23, 2017, over 300 days later, and well over the statute of limitations cut-off. Therefore, this court finds that even if Petitioner circumstances were extraordinary such as to potentially warrant

---

[1] Fifty days had run between the date of finality of Petitioner's conviction (April 21, 2011) and the filing of his first PCR application (June 10, 2011). Fifty days had run between the date that remittitur was filed in the lower court on Petitioner's appeal of the denial of his first PCR application (May 5, 2016) and the date of the alleged stealth of petitioner's legal materials (June 24, 2016).

equitable tolling, these circumstances did not prevent Petitioner from filing a timely habeas petition. Had Petitioner been reasonably diligent in his preparations, his petition would have been filed on time.

**V.**

**CONCLUSION**

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (ECF No. 12). It is therefore ORDERED that the Petitioner's petition for a writ of habeas corpus is **DISMISSED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
October 16, 2017